### ALSTORPHEUS WERNINGER vs. JOHN WILSON.

#### July Term, 1866.

1. W. sues W. and others on an injunction bond, it being a *new* or additional bond executed in pursuance of an order of the circuit superior court of law and chancery, after the original bond had been executed and the cause pending; the defendants pleaded *nul tiel record* and payment. On the trial of the former plea two bills of exception were taken by the defendant to the admission of certain copies of the decrees of the chancery court, offered by the plaintiff in support of his action, upon the ground that they were not competent or proper evidence without other parts of the record (of the chancery cause) to sustain and support them; and on the trial of the latter plea, and upon the same ground and for the same reason, the defendant filed another bill of exception to the admission of the copies of said decrees so offered in support of said plea by the plaintiff. As the record originally came up and was printed in this court, these bills of exception embraced *only* the decree requiring the new bond to be executed; but upon a suggestion of a diminution of the record being made, the clerk of the circuit court certifies an additional record whereby it appears that these bills of exception embrace the decree dissolving the injunction as

---

*Absent from illness; the remaining judges heard the cause.

Judge Harrison from ill health was not present at the July term 1866, nor at the January term 1867. Where circuit judges were called to the bench it is noted at the margin and attention cited to this note.

well as the decree requiring the new or additional injunction bond to be executed, and the bill taken on the trial of the plea of payment also embraced (in addition to said decree) a copy of said injunction bond and copies of the two judgments against the defendant W., which were enjoined; and the clerk in a note certifies that copies of *both* decrees were found among the papers of the cause, but he was unable from the bills of exception to determine which of them was referred to or intended to be embraced therein : HELD :

That it is apparent from the judgment given for the plaintiff W. on the plea of *nul tiel record*, that the decree dissolving the injunction was before the court; which view is strengthened by the fact that the credits entered on the judgment are the same as allowed by that decree.

2. An error in stating a credit or a judgment below, can be cured by filing a release in the clerk's office, by the plaintiff, for the sum improperly allowed him.

This was an action of debt brought in *Harrison* county, on the 16th day of February, 1860, by *John Wilson, Jr.* for the use and benefit of *Josiah D. Wilson*, against *Alstorpheus Werninger, Richard Fowkes* and *Cyrus Ross.* The declaration was filed at the March rules following. It alleged that defendants owed the plaintiff 6,000 dollars, the amount of an injunction bond by them given, on the enjoining of two judgments against *Werninger* in favor of the plaintiff. At the same rules *Werninger* pleaded in abatement, alleging that *Josiah D. Wilson* had on the 28th day of July 1859, instituted an action of debt in his own name upon the same identical bond; to which the plaintiff entered his replication. At the April term 1860 of the circuit court the plaintiff withdrew his replication, and demurred to the plea of abatement, which was sustained by the court, and a subpœna *duces tecum* was awarded to the plaintiff against the clerk of the circuit court of *Ohio* county requiring him to bring a certified copy of the injunction bond with him. Subsequently at the same term, all the orders entered on former days, except the one awarding the subpœna *duces tecum*, were set aside, and the plaintiff craved oyer of the record mentioned in the defendants' plea and demurred thereto, and the court sustained the demurrer, and the defendants were required to further answer. The defendants

then craved oyer of the bond mentioned in the declaration, which is in the following words and figures:

·"Know all men by these presents, that we, *Alstorpheus Werninger*, *Jesse Jarvis*, *Richard Fowkes* and *Cyrus Ross*, are held and firmly bound unto *John Wilson, Jr.*, in the just and full sum of 6,000 dollars, to which payment well and truly to be made, we bind ourselves, our and each of our heirs, executors and administrators, jointly and severally, firmly by these presents sealed with our seals and dated this 6th day of April, A. D. 1846.

The condition of the above obligation is such, that whereas, the above bound *Alstorpheus Werninger*, by an order of the circuit superior court of law and chancery, for the county of *Harrison*, made on the 11th day of November, 1843, obtained an injunction to stay, until the further order of said court, all proceedings upon two judgments rendered on the law side of said court, against the said *Werninger*, to wit: one in favor of the above named *John Wilson, Jr.*, who sued for the use of *Josiah D. Wilson*, rendered on the 10th day of June, 1843, for the sum of 2,000 dollars debt; with interest and costs, and the other in favor of the said *John Wilson, Jr.*, against the said *Werninger*, rendered on the 20th day of October, 1843, for the sum of 1,000 dollars, debt, with interest and costs, (subject to certain credits,) upon which said order of injunction the said *Alstorpheus Werninger*, on the 20th day of November, 1843, executed and filed in the clerk's office of said court a bond, with *Jesse Jarvis* as his security, in the penalty of 7,100,00 dollars conditioned according to law, and afterwards, to wit: on the 29th day of May, 1844, by an order of the said court, the said cause was removed to the circuit superior court of law and chancery for the county of *Ohio;* and whereas, by an order of the circuit superior court of law and chancery for the said county of *Ohio*, made on the 9th day of February, 1846, it was adjudged, ordered and decreed, that unless the said *Alstorpheus Werninger* should file a new bond in the said cause with the clerk of the circuit superior court of law and chancery, for the county of *Harrison*, with good security, in

the penalty of 6,000 dollars, and conditioned according to law, within sixty days (from the said 9th day of February, 1846,) that then the injunction theretofore awarded in said causes, should be and stand dissolved as an act of that day.

Now if the said *Alstorpheus Werninger* shall well and truly prosecute said injunction with effect, or in case the same be dissolved, pay and satisfy the two judgments aforesaid and all such costs and damages as shall be awarded against him, then the foregoing obligation to be void, otherwise to remain in full force and virtue.

A. WERNINGER, [SEAL.]
JESSE JARVIS, [SEAL.]
R. FOWKES, [SEAL.]
CYRUS ROSS, [SEAL.]

I release all errors at law in the two judgments stated in the above and foregoing bond, witness my hand and seal this —— day of —— 1846.

A. WERNINGER, [SEAL.]"

The defendants then demurred to the declaration, and entered a plea that there was no such record as the supposed decree in the declaration mentioned, remaining in the circuit court of *Ohio* county, and the plaintiff entered his replication to said plea of *nul tiel record;* the defendants also pleaded payment.

At the September term 1860 the demurrer to the declaration was overruled, and the court having seen and inspected the record in the declaration mentioned was of opinion that there was such record, and, a jury being waived, proceeded to give judgment for the sum of 3,000 dollars, with interest on 500 dollars parcel thereof from the 14th day of October 1835, and on 1,500 dollars other parcel from the 14th day of October 1842, and on 1,000 dollars residue from the 14th day of October 1835, which sums were subject to various credits; among others one of 490 dollars and 72 cents as of the 30th of May 1845. On the trial of the cause there were three bills of exception taken by the defendants, the first two being upon the plea of *nul tiel record*, and the other upon the plea of payment.

The first exception was taken when the plaintiff offered a copy of a decree of the circuit court of *Ohio* county in the following words:

"VIRGINIA: At an intermediate term of the circuit superior court of law and chancery, for the county of *Ohio*, continued and held at the court-house thereof, on Monday, the 9th day of February, in the year 1846.

*Alstorpheus Werninger,*   Upon rules to show cause why the
      *vs.*   injunction heretofore awarded in this
*Wilson and others.*   cause should not be dissolved.

This cause came on to be heard upon this 9th day of February, 1846, upon the rules aforesaid, and upon the affidavits and depositions taken in relation thereto, and was argued by counsel, upon consideration whereof it is adjudged, ordered and decreed that unless the complainant file a new bond in the said cause with the clerk of the circuit superior court of law and chancery for the county of *Harrison* with good security, in the penalty of 6,000 dollars, and conditioned according to law, within sixty days from this day, that then the injunction heretofore awarded in this cause be and stand dissolved as an act of this day."

To the admission of which the defendants objected on the ground that it was improper to do so without other parts of the record to support and explain the same. The second exception was taken upon the ground that the decree was insufficient to enable the court to find the issue in favor of the plaintiff.

The third bill of exception, which set forth the same decree, a copy of the injunction bond and the two judgments, which were enjoined, was taken upon the ground that it was insufficient to warrant a recovery in this case.

The defendant *Werninger* applied to this court for a supersedeas in May 1864, alleging that the court erred in adjudging the demurrer to the plea in abatement, by sustaining the the same; by overruling the demurrer to the declaration; by finding the issue upon the plea of *nul tiel record* for the plaintiff, because there was no evidence of the decree dis-

solving the injunction; by giving any judgment to the plaintiff for so large a sum, because it did not appear that the defendant had not prosecuted his injunction with effect or that the same had been dissolved at the time the plaintiff brought his suit on the bond; and in the judgment set forth in the first bill of exception.

There was a diminution of the record suggested here, and before the case was heard a supplemental record was brought up from the clerk's office of the circuit court of *Harrison* county, containing the decree of February 9th, 1846, of the circuit superior court of law and chancery for *Ohio* county, and a decree of November 27th 1858 of the circuit court of *Ohio* county, as also the judgments on which the injunction was granted. The latter decree is as follows:

"VIRGINIA: At a circuit court continued and held for the county of *Ohio*, at the court-house thereof, on Saturday the 27th of November, in the year one thousand eight hundred and fifty-eight, and in the eighty-second year of the commonwealth.

| | |
|---|---|
| *John Wilson, Jr.*, complainant,<br>    *against*<br>*Alstorpheus Werninger*, defendant. | In chancery for account, &c., of partnership. |

*Alstorpheus Werninger*, complainant,
        *against*
*John Wilson, Jr.*, *Josiah D. Wilson,*
*Joseph Caldwell*, *William Spencer,*
*Burton Despard*, *Augustin J. Smith,*
            defendants.

On injunction to two judgments of the circuit superior court of *Harrison* county, one for 2,000 dollars rendered on the 10th day of June, 1843, with interest on 500 dollars from the 14th day of October, 1835, until paid, and on 1,500 dollars residue thereof from the 14th day of October, 1842, until paid, and costs; the other of said judgments rendered the 20th day of October, 1843, for 1,000 dollars with interest from the 14th day of October, 1835, until paid, and costs of suit—subject to certain credits mentioned in the last

judgment—such judgments being for the use of *Josiah D. Wilson.*

The causes came on to be heard on the original bills,—the amended and supplemental bills of the said *Alstorpheus Werninger*,—the answers, replications thereto, exhibits, depositions, accounts, exceptions thereto, the former orders and decrees made in the several causes; the account of commissioner *Fitzhugh*, of the 18th day of October, 1852; the supplemental report of the same, filed the 28th day of October, 1853; and was argued by counsel. On consideration whereof the court is of opinion to affirm the said original report of the said *Fitzhugh* of the date of the 18th day of October, 1852, and to reject the said supplemental report, whereby there is a balance of 495 dollars and 16 cents to be credited to the said *Werninger*, as of the 30th day of May, 1845, or with interest from that date, and also the sum of 500 dollars to be credited on the said judgments of the said *John Wilson*, as of the date of the 29th day of November, 1850, or with interest from that date. He is entitled, also, to the costs recovered against him in the suit for the said land by *Huber's* heirs; and, also, to his legal costs incurred and taxed in the defense of the said suit; and these costs the court doth ascertain to be 90 dollars and 72 cents, as by the certificate of the clerk of the court of *Harrison* circuit appears.

And the court doth disallow the claims of the said *Werninger* to the judgment of *Mary Jackson*, administratrix of *John G. Jackson*, and the decree of *John Hursey* in the proceedings mentioned, as any setoffs to the judgments of the said *John Wilson* aforesaid, enjoined for the use, &c., but without any prejudice to any lien or equities he may otherwise possess, under, or by virtue of them, or either of them. And the court is of opinion and doth adjudge, order and decree, that the injunction awarded the complainant to the two judgments in the caption hereof before mentioned, be dissolved—subject to the credit of 495 dollars and 16 cents, as of the 30th of May, 1845, and to the further credit of 500 dollars, and 90 dollars and 72 cents aforesaid, arising out of the *Huber* recovery, as of the 29th day of November, 1850; that

the costs of the suit of *Wilson* v. *Werninger* for the settlement of the partnership, be paid by the parties—each paying his own, except that in the accounts of the commissioners *Haymond*, *Edmiston* and *Fitzhugh*, the parties pay the costs of said commissioners in equal moities. And the court doth order and decree that the complainant *Werninger* be allowed the costs of his amended bill, which sets up the recovery of *Huber's* lessee, and that the defendants *John Wilson* and *Josiah D. Wilson* pay the same. And the court doth order and decree, that the bill and amended bill of the said *Werninger*, whereby the said injunction or injunctions to the said judgments was obtained and which are hereby dissolved as aforesaid, be dismissed; but that the said *Werninger* recover his costs in that behalf, proper to the said injunctions; but not such as is pertinent or proper to the matters of the account, and not such as pertained to the rule in relation to *Werninger's* security on his bonds. And as to the bill filed by the complainant *Werninger* against *Caldwell* and *Wilson* on account of Indiana lands, real estate, &c., the same is dismissed with costs to the defendants. And as to the amended bill of said *Werninger*, filed April 1856, setting up liens on judgments on 232 and 353 acres· claimed to be subject to the same, the court doth order and decree that the same be dismissed with costs to the defendants, but without prejudice, as aforesaid, to the liens of same, if any, on the said parcels of land, in any other proceeding wherein all proper parties to the said judgments and those holding the legal titles and equities to the said lands are present. But said injunctions are dissolved without damages but with interest."

In the supplemental record at the foot of the latter decree, the clerk of the circuit court of *Harrison* annexed a note stating that, "the two foregoing decrees among the papers of this cause, and from the bills of exception the clerk is unable to determine which one is referred to, hence he copies both."

*C. Boggess*, for the plaintiff in error.

*G. H. Lee*, for the defendant in error, insisted on the following points:

1. That the declaration is in all respects good and sufficient in law, and that the demurrer to it was properly overruled.

2. That no suit could be maintained upon the bond in the declaration mentioned in the name of *Josiah D. Wilson*, although he may have been entitled to the benefit of the recovery upon the same; and that consequently, a plea of the institution and pendency of such a suit is not a good plea in abatement of an action brought in the name of *John Wilson, jr.*, the obligee in said bond, although for the use of the said, *J. D. Wilson*, but is naught.

3. That the supplemental record certified to this court by the judge of the circuit court in obedience to the writ of certiorari awarded by this court, shows that there was full and sufficient evidence of the dissolution of the injunction as alleged in the declaration, and that there had been diminution in the original record as made up for this court, in the omission of the clerk to copy into the same, the decree of the circuit court of *Ohio* county, found in the supplemental printed record; consequently, that the circuit court properly held that there was such record as the said plaintiff, in the court below, in pleading had acknowledged.

4. That upon the plea of payment, the only plea remaining, the only evidence required on behalf of the plaintiff was the injunction bond and the decree of the circuit court of *Ohio* county dissolving the injunction. These having been given in a decree, together with the transcripts of the two judgments recited in the injunction bond, and thereby acknowledged and admitted, the evidence adduced was fully sufficient to warrant a recovery in the action, and the court properly so held accordingly.

5. That the amount for which the judgment is rendered is in fact less than the amount for which it should have been rendered under the decree dissolving the injunction, because other and additional credits are allowed in the judgment besides those directed in the decree.

6. That if there be any error in the amount of the judg-

ment which can be corrected by any thing in the record, it is made the duty of the court of appeals, by § 6 of ch. 181 of the Code of Virginia, p. 763, to correct the same accordingly, and to affirm the judgment so corrected.

7. That upon the whole case no error appears to the prejudice of the plaintiff in error, and that the said judgment should be affirmed with damages and costs.

BROWN, J. This was an action of debt on an injunction bond, to which the defendants below pleaded *nul tiel record* and payment. Upon the trial, the plaintiff below, offered in evidence the copy of a decree, which was objected to, but the objection was overruled, and exception taken upon the ground that, "such copy without other parts of the record to support and explain the said decree, was improper." The only description of the decree thus offered and admitted as evidence, as stated in the bill of exceptions, is as follows, viz: "a copy of a decree of the circuit court of *Ohio* county in the words and figures following to wit: "This cause came on to be heard upon this, 9th day of February, 1846, upon the rules aforesaid, and upon the affidavits and depositions taken in relation thereto, and was argued by counsel, upon consideration whereof it is adjudged, ordered and decreed that unless the complainant file a new bond in the said cause with the clerk of the circuit superior court of law and chancery, for the county of *Harrison*, with good security, in penalty of 6,000 dollars and conditioned according to law, within sixty days from this day, that then the injunction heretofore awarded in this cause, be and stand dissolved, as an act of this day."

Among the papers of the cause are found two decrees of said circuit court of *Ohio* county. One made on the 9th day of February, 1846, and the other on the 27th day of November, 1858. The former is an interlocutory order requiring the complainants in the injunction suit to file a new injunction bond, which was done and is the same on which this action is brought. The latter was the final decree in said injunction cause, ascertaining the credits and the balance

due on the judgments enjoined, and dissolving the injunction as to said balance after deducting the credits so ascertained. The parties waived a jury, and the issues were tried, and damages assessed by the court, and judgment rendered for the penalty of the bond to be discharged by the balance due on the judgments enjoined, after deducting the credits so ascertained by the said decree of November 27th, 1858.

To that judgment the defendants below obtained a supersedeas. And the only material question for the consideration of this court is, whether, the judgment can be reversed for the alleged uncertainty, as to which of said decrees found in the papers of the cause, was the decree offered and admitted in evidence on the plea of *nul tiel record* (the clerk, in making out the transcript of the record of the case, certifying, that he did not know and could not tell which of said decrees was the one referred to in the bill of exceptions, and therefore he copied both into the record.) If any real uncertainty exists, it is the fault of the party excepting, in not making his exception clear and unequivocal, and he could not be heard to take advantage of his own laches. Nor could the judgment be disturbed till the alleged error should plainly appear by the bill of exceptions or otherwise in the record.

But, when the judgment is compared with the decrees aforesaid, it is very manifest that the court had the final decree before it and perhaps both, for it could not have found the issue for the plaintiff on the plea of *nul tiel record* if the decree of February 9th, 1846, had been the decree or only decree thus offered and admitted in evidence, and the one referred to in the bill of exceptions. But such finding and judgment are perfectly consistent and sustained by the decree of November 27th, 1858.

And it also clearly appears that the said last mentioned decree was in fact in evidence, and the judgment complained of expressly adopts the credits ascertained by said decree. But it is clear that in entering up the judgment, there was a mistake committed in entering the amount of one of the credits ascertained by said decree in this, viz: substituting

490 dollars and 72 cents for 590 dollars and 72 cents, thus making an error of 100 dollars against the plaintiff in error, but which was soon thereafter corrected by the defendant in error, by filing a release in the clerk's office of the proper court, of the 100 dollars thus erroneously adjudged to him, in conformity with the statute in such cases. I am therefore of opinion that there is no error in the judgment of the court below as corrected, and that it should be affirmed, with cost to the defendants in error, and damages.

The President concurred.

JUDGMENT AFFIRMED.